■ PAUL GRINDLINGER, Respondent, v MARPE, INC., et al., Defendants, and Estate of LEO PRAGER, Appellant.—In an action on certain promissory notes, the appeal is from an order of the Supreme Court, Queens County, dated June 21, 1976, which denied appellant's motion to dismiss the complaint upon the grounds that (1) the claims asserted are barred by the Statute of Limitations and (2) the complaint fails to state a cause of action. Order affirmed, with $50 costs and disbursements. The complaint states a good cause of action and the Statute of Limitations is not a bar. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ RONALD HARRIS, Respondent, v NEW YORK STATE ATHLETIC COMMISSION, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the New York State Athletic Commission to permit petitioner to wear a skullcap during a certain boxing match to be held on October 22, 1976, the commission appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, dated October 21, 1976, after a nonjury trial, as, in directing it to permit petitioner to wear the skullcap during the fight in question, also directed that, if petitioner desired to fight with a skullcap on future occasions, he would have to apply for permission to the State Athletic Commission, which would have to hold a formal administrative hearing on the merits thereof. Judgment reversed insofar as appealed from, on the law, with costs, and proceeding dismissed on the merits. The refusal of the State Athletic Commission to allow petitioner to wear a skullcap during the fight was prompted by safety reasons and was a proper exercise of the police powers of the State (see L 1920, ch 912, § 1, as amd; 19 NYCRR 216.17). We do not find that the denial by the commission infringed upon petitioner's freedom of religion, as he has argued. The portion of the judgment dealing with the fight which occurred on October 22, 1976 is moot. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ JOHN HAYES, Appellant, v OLGA HAYES, Respondent.—In an action for a divorce, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated November 3, 1975, as, after a nonjury trial, (1) dismissed his complaint and (2) awarded defendant support and a counsel fee. Judgment affirmed insofar as appealed from, with costs. The record fully supports the determination made by the trial court. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.

■ INCORPORATED VILLAGE OF ARDSLEY, Appellant, v TOWN OF GREENBURGH et al., Respondents.—In an action, *inter alia,* to declare that the defendants' refusal to permit residents of the plaintiff village access to a town park is invalid, plaintiff appeals from an order of the Supreme Court, Westchester County, entered December 17, 1976, which denied its motion for summary judgment. Order affirmed, without costs or disbursements. This court is of the opinion that there exist questions of fact and mixed questions of law and fact which preclude a summary disposition of the issue of the village residents' right to utilize the park. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.